This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-38387**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**ROMAN SHUKSHIN,**

Defendant-Appellant.

**APPEAL FROM THE METROPOLITAN COURT OF BERNALILLO COUNTY**
**Courtney B. Weaks, Metropolitan Court Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Crowley & Gribble, P.C.
Joseph J. Gribble
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**HANISEE, Chief Judge.**

**{1}** Defendant argues that the district court erred in denying his motion to disqualify the Second Judicial District Attorney's Office. We issued a notice of proposed summary disposition proposing to affirm, and Defendant has responded with a timely memorandum in opposition. We remain unpersuaded that our initial proposed disposition was incorrect, and we therefore affirm.

**{2}** We briefly reiterate the relevant background information as follows. Defendant filed a motion to disqualify the Second Judicial District Attorney's Office, in which he

stated that Attorney Joshua Boone was the supervising attorney for all prosecutions handled by the Metropolitan Court division of the Second Judicial District Attorney's Office, and that Mr. Boone had represented him in two prior criminal matters. [RP 35-38] The State filed a response in which it conceded that Mr. Boone had represented Defendant in prior criminal cases, but argued that disqualification of the Second Judicial District Attorney's Office was not required under the circumstances because Defendant's pending case had been reassigned to prosecuting attorneys in its General Crimes Division, over which Mr. Boone had no authority, supervisory or other. [RP 40-42] The metropolitan court held a hearing on the motion, and subsequently issued a ruling denying the motion to disqualify the Second Judicial District Attorney's Office.

**{3}** In his memorandum in opposition, Defendant argues that Attorney Boone's participation as a supervisor in the case for nearly eight months before disqualification was too long an involvement in the case, such that the appearance of impropriety resulting from Attorney Boone's participation required disqualification of the entire Second Judicial District Attorney Office. [MIO 2-4]

**{4}** We continue to adhere to our original assessment that the metropolitan court acted within its discretion in determining that the process undertaken by the district attorney's office was sufficient to effectively screen Attorney Boone from participation in the case, and disqualification was not required. As the metropolitan court found, the case was transferred to a separate division over which Attorney Boone exercised no supervisory authority. Additionally, nothing in the record before us establishes that Attorney Boone participated in the case in anything other than a supervisory capacity prior to his disqualification. *See State v. Pennington*, 1993-NMCA-037, ¶ 19, 115 N.M. 372, 851 P.2d 494 (stating that once the court determines that a member of the prosecution team is disqualified, then the state has the burden to show that staff members working on the prosecution have been effectively screened from contact with the disqualified staff member concerning the case).

**{5}** Nor is there any indication that any confidential information obtained during Attorney Boone's prior representation of Defendant was shared with the new prosecution team. Defendant argues that it is not necessary to show that specific information was shared in order to establish a conflict of interest. [MIO 3-4] Such a circumstance is relevant, however, to whether effective screening between the disqualified attorney and the rest of a district attorney's office has occurred. *See id.* ¶ 22 (upholding the district court's determination that the entire district attorney's office was not disqualified based on one member's prior employment with the defense team where the district attorney's office took precautions to ensure that no information acquired during employment with the defense team was shared with the district attorney and his staff).

**{6}** Under these circumstances, we see no abuse of discretion in the metropolitan court's denial of Defendant's motion to disqualify the district attorney's office. *See State v. Robinson*, 2008-NMCA-036, ¶ 13, 143 N.M. 646, 179 P.3d 1254 (recognizing that disqualification of an entire district attorney's office should be a rare event). Therefore,

we affirm the metropolitan court for the reasons stated herein and in our notice of proposed summary disposition.

**{7}     IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**BRIANA H. ZAMORA, Judge**